# Cox, Appellant, *v.* Croft.

*Mechanic's lien—Striking off—Parties—Act of June* 4, 1901, *P. L.* 431.
Where an owner in petitioning the court to strike off a mechanic's lien, avers that the claimant was neither his contractor nor was he a subcontractor, and these averments are practically undenied in the answer, the court must strike off the lien. The claimant in such a case is not within the class privileged to file a lien.

Argued Dec. 19, 1908. Appeal, No. 182, Oct. T., 1908, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1908, No. 924, M. L. D., making absolute rule to strike off lien in case of Frank D. Cox, trading as C. A. Cox's Sons, v. Samuel B. Croft, owner or reputed owner, and Peter J. Foley, contractor. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off mechanic's lien.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to strike off mechanic's lien.

*Charles H. Pile*, for appellant, cited: Maxfield v. German Lutheran Church, 2 Luz. L. R. 120; Frick v. Gladdings, 10 Phila. 79; McCristal v. Cochran, 147 Pa. 225; Lee v. Exeter Club, 9 Pa. Superior Ct. 581; American Car, etc., Co. v. Alexandria Water Co., 215 Pa. 520.

*Paxson Deeter*, with him *Evans & Forster* and *John C. Bell*, for appellees, cited: Este v. R. R. Co., 13 Pa. Dist. Rep. 451; Brown v. Cowan, 110 Pa. 588; McElroy v. Braden, 152 Pa. 78; Tebay v. Kirkpatrick, 146 Pa. 120; Bevan v. Thackara, 143 Pa. 182.

OPINION BY HEAD, J., July 14, 1909:
The twenty-third section of the Act of June 4, 1901, P. L. 431, prescribes the procedure by which the owner of a property, against which a mechanic's lien has been filed, may have deter-

mined by the proper court the validity of the lien. The proceeding begins by a petition on the part of the property owner setting forth the matters of fact or law upon which he founds his contention that the lien is invalid and should be stricken from the record. The lien claimant is afforded an opportunity to answer. If it appear from the petition and answer that there are any material disputed facts, either party has the right to request that such issues of fact be tried by a jury without further pleadings. If there be no disputed facts, or if in the absence of such request the facts are found by the court, then it remains only to determine and dispose of the legal questions arising on the facts thus established.

In the present case the owner in his petition avers that the claimant was neither his contractor nor was he a subcontractor, and therefore he was not within the class privileged to file such a lien. The petition further avers that the person, named in the lien filed as the general contractor, was an entire stranger to the owner, and was not in fact the contractor. These facts were practically undenied by the answer.

The learned court below struck off the lien without filing any opinion. This action seems to us to have been warranted on two grounds. First, that the claimant is not within the class to which the law has accorded the privilege of securing the price of labor rendered, or material furnished, by filing a lien against the property of one with whom such claimant never dealt. Second, because before one can claim the benefit of a special statutory remedy, he must comply with every condition prescribed by the statute. In this case the lien does not show any contract between the claimant and the owner, nor does it show, in the light of the petition and answer, that the person with whom the claimant dealt was the contractor of the owner, as required by the act. Without going into the question of the sufficiency of the notice given by the claimant—could he be regarded as a subcontractor—we think the record plainly discloses the fact that he was not entitled to a lien, and the order of the court below striking off the lien was abundantly warranted by the facts averred in the petition and not denied in the answer.

Judgment affirmed.