## Hiestand, Appellant, *v.* Keath.

*Mechanics' lien—Striking off lien—Matters dehors the record—Act of June 4, 1901, sec. 23, P. L. 431.*

1. Under the Act of June 4, 1901, sec. 23, P. L. 431, the courts of common pleas have jurisdiction to strike off a mechanic's lien even for matters dehors the record, when the conditions called for in the section are present.

2. A single lien filed against two structures will be stricken off; and the fact that the structure liened was in reality a double structure may be shown by matter dehors the record.

Argued Nov. 11, 1909. Appeal, No. 167, Oct. T., 1909, by plaintiffs, from order of C. P. Lancaster Co., Mechanic's Lien Docket No. 7, p. 85, making absolute rule to strike off mechanic's lien in case of E. Frank Hiestand, Henry S. Hiestand and George Hiestand, partners trading and doing business

as B. F. Hiestand and Sons v. Willis Keath.   Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and POR-
TER, JJ.  Affirmed.

Rule to strike off mechanic's lien.  Before LANDIS, P. J.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike
off mechanic's lien.

*W. U. Hensel*, with him *W. C. Rehm*, for appellants.—The
right to a mechanic's lien being entirely statutory, not only
the right itself, but the method of enforcing it, must depend
upon the statute, and must be pursued in strict compliance
with the terms of the statute: Stoke v. McCullough, 107 Pa.
39; Lee v. Burke, 66 Pa. 336; O'Hara v. Baum, 82 Pa. 416;
Miller v. Bedford, 86 Pa. 454; Bohem v. Seabury, 141 Pa. 594;
North v. Yorke, 174 Pa. 349; Hall v. Publishing Co., 180 Pa.
561; McVey v. Kaufmann, 223 Pa. 125; Burger v. Moss, 225
Pa. 400.

*S. Z. Moore*, with him *W. S. Buch*, for appellee.

OPINION BY HEAD, J., March 3, 1910:

The lien, which the learned court below struck off, described
the structure to be charged, thus: "One double two-story
frame house, to be used as a dwelling house."   After the lien
was filed, the owner presented a petition praying to have it
stricken off.  Some formal defects, of a minor character, were
alleged, but these were cured by an amendment duly allowed
by the court.  The main allegation of the petition, however,
remained, viz.: That the petitioner had erected "two adjoin-
ing frame dwelling houses," and that the claimant had filed
a single lien against both contrary to the prohibition of the
statute.  A rule to show cause was granted and an answer
filed affirming that the lien was in statutory form and de-
scribed a structure as contemplated by the act.

A certain paper called a "stipulation," signed by counsel

on both sides, was then filed under leave of the court. It contained statements of fact relating to the interior arrangement of the structure, partitions, entrances, exits, etc., and its destined use for two families. The manifest purpose of this was to save the expense and delay incident to taking depositions or producing witnesses to prove, in the ordinary way, the facts therein stated. In other words, they were simply admissions for the purposes of trial in the proceeding then pending.

From the record, thus made up of the petition, answer and stipulation, the learned judge below reached the conclusion of fact that the structure, described in the lien as one, was in reality two separate buildings and therefore struck off the lien. If the learned court below was vested with jurisdiction to strike off the lien upon the ground stated, the record exhibits no reason why an appellate court should be asked to reverse the conclusion of fact reached at the hearing. The rule governing our action in such matters has been so often stated it needs not repetition here. It having been thus made to appear that a single lien had been filed against a "structure" which was in fact "two adjoining frame dwelling houses," contrary to the prohibition of the act of 1901, had the court below power to strike it off? We are urged to answer in the negative because the ground for the court's action was not exhibited on the face of the lien, but rested on matters dehors the record.

Prior to the passage of the act of 1901, it was clearly held in a number of cases, notably in Stoke v. McCullough, 107 Pa. 39, that a lien could not be struck off for matters dehors the record even if such matters, when properly proven on the trial of the scire facias, would amount to a complete defense. The reason of the conclusion is stated in a line by Mr. Justice CLARK: "The claim is a specific lien under the statute, and the court has no power over it, except in the form provided by statute." An owner, then, having a sound defense to a lien, but one resting on matters of fact dehors the record, could but file his affidavit of defense to the scire facias and enter his plea. He was then obliged to wait until

his case was reached for trial although, in the meantime, his property was incumbered with a lien which ought never to have been filed.

The twenty-third section of the act of 1901, gave to "any party having a lien against, estate in or charge upon the property included in such claim" the right to begin a proceeding by petition, "averring that the date mentioned in the claim as the time when the structure or improvement was commenced is incorrect," etc., specifying other acts outside the record of the lien. "The court shall from the pleadings, aided as to the material disputed facts, if any, by depositions or by a hearing at bar, make such order or decree as the facts shall warrant. Like proceedings shall be had if the petition shall aver that the claim is for any reason invalid, has been paid, waived or released or should not legally or equitably be allowed as a claim against the property." The act then saves to either party, upon request, the right to have any material disputed facts tried by a jury.

It would thus seem that in certain cases, where the facts are not disputed or no request for a jury trial is made, the court is invested with jurisdiction, on the petition of a proper party, to grant summary relief against a lien which the claimant cannot legally sustain, even though the facts, upon which the decree rests, are dehors the record of the lien. It would be anomalous to conclude that the legislature had thus intended to furnish, for mortgagees, owners of ground rents or other parties having a lesser interest in the liened property, a speedy remedy for the injury following the filing of a lien that could not be sustained, when such remedy was denied to the owner having a greater interest.

An examination of the notes of the commentator to be found in 3 Stewart's Purdon's Digest, p. 2493, pl. 38, points to the conclusion that sec. 23 of the act of 1901 has been generally regarded as having been intended to vest in the courts of common pleas the jurisdiction to strike off a lien, even for matters dehors the record, when the conditions called for in the section are present. The reasons for such a construction of the section are persuasively stated in an

opinion by Judge von Moschzisker, reported in 13 Pa. Dist. Rep. 451. So in Cox v. Croft, 39 Pa. Superior Ct. 551, the court below struck off a lien where it appeared, without dispute, from the petition and answer that ·the claimant was, in fact, neither a contractor nor a subcontractor, and thus not within the privileged class, and this court affirmed the judgment.

In no case that has been brought to our attention or that we have been able to discover, has the Supreme Court undertaken to construe the section of the act of 1901, now under consideration. It is true that in Burger v. Moss Cigar Co., 225 Pa. 400,—reported since the judgment in this case was entered—the owner filed a petition to have the lien struck off because the right to file it had been waived by a contract duly executed by the contractor and filed in the prothonotary's office. There was no material fact in dispute and no demand for a jury trial and the court below struck off the lien. The Supreme Court, following the law as it had been declared to be, prior to the act of 1901, reversed the judgment. A careful examination of the report of that case as well as of the briefs of counsel, shows that the twenty-third section of the act of 1901 was in no way brought to the attention of the court;·and the opinion does not indicate that the section was there construed.

We think therefore we may properly hold, without even seeming to disregard any authoritative utterance of our court of last resort, that the proceeding in the court below was well founded on the section of the act already quoted, and that upon the facts as found, the court was invested with jurisdiction to strike off the lien.

Judgment affirmed.

### CERTIFICATE.

All of the judges who heard this case certify that, in their judgment, the questions involved are so important as to make it expedient that the case should be decided by the Supreme Court and the case is accordingly so certified.

By the Court.