# Hiestand, Appellant, *v.* Keath.

*Mechanics' liens—Act of June 4, 1901, P. L. 431—Owner—Striking off liens—Matters dehors record—Statutes—Construction.*

1. It will be assumed, when the contrary does not appear, that in framing the "complete and exclusive system" embodied in the mechanic's lien Act of June 4, 1901, P. L. 431, the legislative intent was to give but one adequate remedy to each party interested in the claim and in the property affected by the proceeding.

2. Section 23 of the mechanic's lien act of 1901, providing a remedy by petition and a rule thereon for "any party having a lien against, estate in, or charge upon the property included in such claim," does not authorize the court, on application of the owner, to strike off a lien regular on its face for matters dehors the record.

3. In construing sec. 23 of the act of 1901, as not applicable to the owner, the court will consider the fact that the sections immediately preceding and succeeding deal with the rights of others than the owner, and that if sec. 23 should be construed as applicable to the owner, its proper place in the statute would be immediately preceding or succeeding the sections providing for the scire facias.

4. It is no argument in favor of a construction of sec. 23 as giving a remedy to the owner that he is entitled to more consideration or to a more speedy remedy than other parties in interest, or that the section in question does in fact furnish him a more speedy remedy than the scire facias.

Mr. Justice Moschzisker dissents.

Argued May 16, 1910. Appeal, No. 112, Jan. T., 1910, by plaintiffs, from judgment of the Superior Court, Oct. T., 1909, No. 167, affirming a judgment and decree

of C. P. Lancaster Co., entered in Mechanic's Lien Docket, No. 7, page 85, striking off a lien in case of B. Frank Hiestand et al., partners, trading as B. F. Hiestand & Sons, *v.* Willis Keath. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Petition to strike off a mechanic's lien in the common pleas. Before LANDIS, P. J. Appeal from Superior Court.

The facts appear in the opinion of the Supreme Court; see 42 Pa. Superior Ct. 403.

*Error assigned* was judgment of the Superior Court.

*W. U. Hensel,* with him *W. C. Rehm,* for appellants.— The lower court has no jurisdiction to strike from the record the mechanic's lien which was regular on its face: Burger v. S. R. Moss Cigar Co., 225 Pa. 400; Stoke v. McCullough, 107 Pa. 39; Lee v. Burke, 66 Pa. 336; O'Hara v. Baum, 82 Pa. 416; Miller v. Bedford, 86 Pa. 454; Bohem v. Seabury, 141 Pa. 594; Hall v. Pub. Co., 180 Pa. 561; North v. Yorke, 174 Pa. 349; McVey v. Kaufmann, 223 Pa. 125.

*S. Z. Moore,* with him *W. S. Buch,* for appellee.— Courts have uniformly stricken off liens for matters dehors the record where the conditions called for in sec. 23 are present: Cox v. Croft, 39 Pa. Superior Ct. 551; Este v. Penna. R. R. Co., 13 Pa. Dist. Rep. 451; East End Mantle, etc., Co. v. Greensburg Plumbing Co., 16 Pa. Dist. Rep. 779; Este v. R. R. Co., 27 Pa. Superior Ct. 521; Hiestand v. Keath, 42 Pa. Superior Ct. 403.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

This was a mechanic's lien filed by the contractors against the owner to enforce the payment of $449.69, for lumber furnished the owner and used by him in the erection and construction of a building. The defendant owner presented a petition to the court and obtained a

rule to strike off the lien alleging among other reasons that "the lien sets forth that it is filed against a two-story double frame dwelling house, which is in direct violation of the twelfth section of the aforesaid act of June 4, 1901, which provides: 'A single claim may be filed against more than one structure or other improvement, if they are all intended to form part of one plant. No apportioned claim shall hereafter be allowed, but separate claims, with the amount due determined by apportionment, may be filed as herein set forth.'" The facts dehors the record were placed before the court in a paper called a "stipulation," signed by the counsel on both sides. The court made the rule absolute and struck the lien from the record. The plaintiffs have taken this appeal.

The view we take of the case requires us to determine but the single question whether under the mechanic's lien Act of June 4, 1901, P. L. 431, 3 Purd. 2465, and its supplements, the court is authorized, at the instance of the owner, to strike off a lien regular on its face for matters dehors the record. It is authoritatively settled that the court had no such power under the legislation prior to the act of 1901. The appellee contends, however, that sec. 23 of the latter act confers the authority when invoked by the owner. We think this results from a misapprehension of the purpose of that section of the statute.

The act of 1901, like its predecessor of 1836, directs that payment of the claim shall be enforced by a writ of scire facias and provides, not only the form of the writ, but also the subsequent procedure for obtaining judgment and collecting the same by execution against the property bound by the lien. Section 36 enumerates the defenses which may be set up against the enforcement of the claim, and provides that they "shall wholly defeat the claim." In addition to the defenses growing out of the insufficiency of the claim itself, or of the proof of the facts necessary to sustain it as a claim against the structure or other improvement, any defense may be set up

which would defeat the action were it a personal one against the contractor to recover for the particular work or materials required to be done or furnished under the contract of the owner, or which shows that the claim was intentionally filed for a grossly excessive amount. A defense pro tanto is allowed if the proof shows that the work in certain particulars was not in accordance with the contract. Minor defects are a defense to the extent necessary to repair or complete the work. The court may order a more specific statement of the claim or an examination of books and papers to enable a proper defense to be made.

Section 10 of the statute requires the claimant to issue a writ of scire facias within two years which may, by waiver in writing by the owner, be extended for a further period of three years. Any defendant in the claim filed, however, may, under sec. 31, prevent delay and facilitate the speedy determination of the issues raised by the lien by serving notice upon the claimant or use claimant to issue a scire facias in fifteen days. If the writ is not issued within the time, the court is required on motion to strike off the claim; and if the writ is issued, the claimant cannot discontinue it or suffer a nonsuit on the trial. If the plaintiff does not appear or for any reason fails to maintain his claim, the court is required to enter a compulsory nonsuit.

It will, therefore, be observed that the statute affords, by means of the writ of scire facias, a complete remedy for the claimant to compel payment of his claim, and it is equally apparent that the owner may, under the sections of the act referred to, at any time compel a speedy issuance of the writ and may interpose any defense which will defeat the claim or relieve his property from the lien. These and other sections of the act of 1901, having provided a course of procedure by scire facias for the enforcement of the claim and for the full protection of the owner, the act of March 21, 1806, requires it to be pursued unless the act of 1901 gives the parties other and

alternative remedies to enforce the same rights. It is claimed by the appellee that such is the effect of sec. 23 of the act of 1901.

The proceeding under that section is by petition and a rule thereon issued to the claimant to show cause why the relief prayed for should not be allowed. All proceedings on the claim are to be stayed pending the rule. The remedy given by the section may be invoked when the date of the completion of the structure mentioned in the claim is incorrect, or the claim is filed against more land than should be included therein, or if for any reason the claim is postponed to the rights of the petitioner. The remedy is equally effective when invoked by others than those personally served with the scire facias. The action of the court is to be determined from the pleadings, aided as to the material disputed facts, if any, by depositions or by a hearing at bar. Like proceedings may be had under the section if the claim for any reason is invalid, has been paid, waived or released or should not legally or equitably be allowed against the property. In such cases the material disputed facts are, at the request of either party, to be tried by a jury. The person entitled to the relief given by the section is, in the language of the section, "any party having a lien against, estate in, or charge upon the property included in such claim."

The language of sec. 23 is sufficiently comprehensive to include the owner of the premises against which the lien is filed and who is a defendant in the proceeding. But in construing the section we must, under the settled rules of interpretation, read it in connection with the whole statute keeping in view the manifest purpose of the section. The object of the legislature in passing the act was, as declared in the statute, "that this act shall furnish a complete and exclusive system in itself, so far as relates to liens for labor or materials commenced to be furnished after its approval." The legislature intended to enact a law forming a complete and exclusive system for the enforcement of the claims of mechanics

and material men against the property benefited by the improvement, and also to furnish a remedy for the protection of all parties interested in the claim or the property against which it was filed. It will not, however, be presumed, in the absence of an express declaration to that effect, that where the statute gives a specific remedy to any person for the protection or enforcement of his rights or interests, that another remedy for the infringement of the same rights and applicable to others is to be extended and become an additional or cumulative remedy for him by reason of the generality of the language employed. It will be assumed, when the contrary does not appear, that in framing the "complete and exclusive system," embodied in the act of 1901, the legislative intent was to give but one adequate remedy to each party interested in the claim and in the property affected by the proceeding. This will make the system harmonious and symmetrical and will meet the manifest purpose of its framers.

Recurring to sec. 23, we think that its provisions were not intended to apply to the owner against whom the claim is filed, but to other parties interested in the property whose rights were affected by the proceeding. As pointed out above, his rights and interests are enforcible and fully protected by the express provisions of the act authorizing and regulating the issuing of a scire facias and the proceedings thereon. He may, at any time after the right has accrued, require the claimant to file his lien in fifteen days, and immediately after the claim is filed, he may compel the claimant to issue a scire facias in fifteen days or have the lien struck from the record, and if the writ is issued it cannot be discontinued or a nonsuit be suffered; and a compulsory nonsuit barring further proceedings must be entered by the court if for any reason the claimant fails to maintain his claim. The defenses to the scire facias, available to the owner, are ample to enable him to raise any question which will affect or destroy the validity of the lien or defeat the

claimant's right in whole or in part to enforce the claim against the property. It is, therefore, apparent that the proceedings by scire facias afford an ample remedy for the protection of the owner without invoking the alleged additional or alternative remedies provided by sec. 23.

Section 22, immediately preceding, and sec. 24, immediately succeeding the section under consideration, deal with the rights of parties other than the claimant and the defendant owner in the claim filed. The preceding section authorizes the court on a rule to substitute a use claimant who has furnished unpaid items of labor or materials by contract with the claimant. By the succeeding section, the court may permit the person having an interest in the property described in the claim to intervene as a party defendant and make defense to the claim; and it also authorizes the claimant to substitute as a defendant any person who may have acquired an interest as owner after the date of the contract, or who is the personal representative of an owner or contractor who has died either before or after the filing of the claim. If we adopt the construction of sec. 23, urged by the appellee, it results not only in rendering useless the proceeding by scire facias provided in the subsequent sections, 32 to 36, for determining issues between the claimant and the owner, but interjects a section furnishing the same relief to the owner, between two former sections dealing with the rights of others than the owner. It is not at all probable nor is it to be assumed that the legislature, intending as it declares "to furnish a complete and exclusive system in itself," would have adopted an act showing such disregard for the natural and orderly arrangement and disposition of the subject. The proper place in the statute for sec. 23, if applicable to the owner, would be immediately preceding or succeeding the sections providing for the scire facias; and they or it should be declared an alternative or cumulative proceeding for determining the issues between the claimant and the owner.

For more than a century in this state, a scire facias has been the appropriate remedy to enforce payment of a mechanic's or material man's claim against the liened property. The act of 1803, the first statute authorizing a lien, and its immediate successor, the act of 1806, made no provision for such writ; but the act of 1808 and subsequent legislation on the subject have given the claimant the writ to enforce payment of the debt. The procedure by scire facias under the act of 1901, and its supplements, in addition to the common-law powers of the court, affords ample opportunity to the owner to assert any defense, technical or meritorious, which will prevent the enforcement of the claim against his property. The act of 1836, like the act of 1901, authorized the court on petition of the owner to compel the claimant to proceed to enforce his claim. The fifth section of the Act of August 1, 1868, P. L. 1168, empowered the court, at the instance of the owner, to enter a rule on the claimant to sue out a scire facias to the next monthly return day, and failing to do so, the court was required to strike the lien from the record. These and similar provisions under the legislation prior to the act of 1901, were held to afford the owner a remedy against defects not apparent upon the record of a mechanic's lien, and he was compelled to pursue the remedy to enforce his rights. Such claim could not be summarily struck off, while the court had the power, aside from statutory authority, to strike from the record a claim irregular on its face or defectively stated: Lehman v. Thomas, 5 W. & S. 262; Linden Steel Co. v. Refining Co., 138 Pa. 10. The act of 1901 goes further than prior statutes in affording the owner protection under a scire facias, and permits him to rule the claimant, not only to issue a scire facias on the lien, but to file his claim after fifteen days' notice or be debarred thereafter from so doing. If the legislature had intended by the act of 1901 to make such a radical. departure from the established practice under similar statutory provisions, and furnish to the owner an

alternative summary remedy in place of the procedure on a scire facias, it would have done so in language so plain as to leave no doubt of the legislative intent.

We are not impressed with the argument that the owner is entitled to more consideration or to a more speedy remedy than a mortgagee or other party having an interest in the property with no contractual relation with the claimant. The owner is the active party in procuring the erection of the structure for which the labor or material is furnished, and can protect himself by the contract. It is entirely different with parties other than the owner who have liens against or an interest in the liened property. They are not consulted about the improvement placed on the premises or the labor or material which goes into it. Hence, if their rights are infringed, there is ample reason why they should be furnished both a speedy and an effective remedy.

It is, however, an erroneous view of sec. 23 to say that it furnishes a more speedy remedy for the owner than the scire facias when he alleges as a defense to the claim that it is invalid, has been paid, waived or released, or should not legally or equitably be enforced against his property, all of which defenses are available to him in a proceeding by scire facias. Where he sets up such a defense, he cannot prevent the delay of a jury trial by proceeding under the section. It specifically provides that "the material disputed facts in such cases, if any, shall at the request of either party, be tried by a jury." He cannot, therefore, deprive the claimant of the right to have the facts determined by a jury, and prevent the delay which is necessarily incident to a jury trial. The proceedings preliminary to the case reaching a jury will require at least as much, if not more, time than is required to put the case at issue on the scire facias. As has been seen, sec. 31 requires the claimant to issue a scire facias after a fifteen days' notice and, hence, thereafter the owner may at once appear, enter his plea, and put the case at issue. It is apparent, therefore, that the owner's remedy under

the sections of the act providing for the scire facias is equally as speedy and efficacious as a proceeding by petition and rule under sec. 23 of the act.

Keeping in view the declared legislative intention to furnish "a complete and exclusive system" on the subject as well as the necessity for harmonizing the different sections of the act, we are of opinion, after a careful consideration of the whole statute, that sec. 23 does not authorize the court, on the application of the owner, to strike off a lien regular on its face for matters dehors the record. It follows that the order of the court of common pleas striking off the lien, and the decree of the Superior Court affirming that order or decree are erroneous and must be reversed.

There is nothing in the suggestion that the lien was irregular or insufficient on its face. The common pleas struck the lien off for matters dehors the record which were made to appear by the "stipulation" filed by the parties.

The decree of the Superior Court is reversed, and the order or decree of the court of common pleas making absolute the rule to show cause why the lien should not be struck off is reversed, and the lien is reinstated.

Mr. Justice Moschzisker, dissenting:

The point here involved is not only the proper interpretation of the Act of June 4, 1901, P. L. 431, but the more important matter of the usurpation of the functions of the legislature; for it seems to me that the majority opinion voices a partial repeal rather than a construction of the act.

The opinion admits that "the language of sec. 23 is sufficiently comprehensive to include the owner of the premises against which the lien is filed;" but it takes the position that because the act gives him the right to force a scire facias and to enter any and all defenses thereto, the provisions of that section "were not intended to apply to the owner . . . . but to other parties interested

in the property." This is the sum and substance of the views expressed in the majority opinion.

When we look at sec. 24 and find that these "other parties" may "intervene . . . . and make defense . . . . with the same effect as if . . . . originally named as a defendant" the whole argument falls to the ground. In other words, they and the owner are on a par, and if sec. 23 is applicable to the one it is equally applicable to the other. But the majority attempt to draw a distinction by saying that the owner "can protect himself by the contract," while the "other parties . . . . who have liens against or an interest in the liened property" are not in that position; "hence, if their rights are invaded there is ample reason why they should be furnished both a speedy and effective remedy." As already pointed out these "other parties" have the same effective remedy for defense under the scire facias proceedings as the owner, and it is difficult to see how the fact that he can protect himself in drawing the contract helps in the correct interpretation of the section in question, or how that fact can properly distinguish the owner from others so far as subsequent legal remedies are concerned. It is not for this court to draw distinctions arbitrarily between the owner and others when the legislature has classed them all together; and as well stated by Judge HEAD in certifying this case to us, "It would be anomalous to conclude that the legislature . . . . intended to furnish, for mortgagees, owners of ground rents or other parties having a lesser interest in the liened property, a speedy remedy for the injury following the filing of a lien that could not be sustained, when such remedy was denied to the owner having a greater interest."

Again, the statement that the scire facias proceeding affords an opportunity for the presentation of all defenses is no argument against the existence of another remedy. It is not necessary to cite authorities or state examples to show that in many instances one may have a choice of legal remedies. The scire facias is primarily for the benefit

of the claimant and is the method by which he is to enforce his lien. Any defendant, owner or otherwise, may put in his defense to the scire facias, but the legislature under its right to prescribe the practice in statutory proceedings has seen fit to give an additional particular remedy to defendants. No doubt this was done with the view that in many instances the new remedy would prove more expeditious than a defense to the scire facias. That it may not prove so where a jury trial is demanded does not alter the fact that its tendency would be to hasten the relief in most cases.

To quote once more from the opinion of Judge HEAD: "Prior to the passage of the act of 1901, it was held in a number of cases, notably in Stoke v. McCullough, 107 Pa. 39, that a lien could not be struck off for matters dehors the record even if such matters, when properly proven on the trial of the scire facias, would amount to a complete defense. The reason of the conclusion is stated in a line by Justice CLARK: 'The claim is a specific lien under the statute, and the court has no power over it, except in the form provided by statute.' 'An owner, then, having a sound defense to a lien, but one resting on matters of fact dehors the record, could but file his affidavit of defense to the scire facias and enter his plea. He was then obliged to wait until his case was reached for trial although, in the meantime, his property was incumbered with a lien which ought never to have been filed." This was the mischief in the old law which the act of 1901 clearly manifests an intent to relieve against by the remedy prescribed in sec. 23.

This section presents an idea distinct and apart from the provisions for the scire facias and defenses thereto; the remedy afforded is not available under all circumstances, but is confined to certain enumerated defenses and those of a like character; partial defenses that would not completely defeat the claim cannot be entered thereunder. The apparent purpose is to give the court an opportunity to rid expeditiously a property of an en-

tirely unjustifiable, or an invalid claim; and thus to afford a speedy remedy for the injury flowing from the filing of a lien which could not be sustained.

The views here expressed are in accord with the common and generally accepted opinion as shown by the reported cases: Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Cox v. Croft, 39 Pa. Superior Ct. 551; Hiestand v. Keath, 42 Pa. Superior Ct. 403; Este v. Penna. R. R. Co., 13 Pa. Dist. Rep. 451; W. E. Alberts Co. v. Opperman, 55 Pittsburg Legal Journal, 236; and the only discordant note is Burger v. S. R. Moss Cigar Co., 225 Pa. 400, which was decided without any consideration of the section in question.

In the present case, in a proceeding under sec. 23, it appeared that the claim had been filed against two separate structures, and the court below entered an order striking off the lien. In my judgment this was a proper exercise of a power plainly conferred by the act of 1901, and the order should be sustained.