## Leamy et al. v. Wildman.

*Mechanic's lien—Striking off lien—Matters without the record—Fictitious trade name of plaintiffs—Act of June 28, 1917.*

1. A mechanic's lien which is regular on its face will not be stricken off for matters *dehors* the record.

2. A mechanic's lien will not be stricken off because the claimant had failed to comply with the requirements of the Fictitious Trade-Name Act of June 28, 1917, P. L. 645, where depositions are necessary to establish such fact.

Rule to strike off lien for reasons appearing of record. C. P. Crawford Co., Sept. T., 1921, No. 2.

*Thomas & Thomas*, for plaintiff; *J. Lee Culbertson*, for defendant.

PRATHER, P. J., Nov. 7, 1921. — Counsel for defendant supplemented his motion to strike off said lien for reasons appearing of record, with an additional averment of fact, "that said plaintiff had neglected or refused to comply with the provisions of the Act of Assembly of June 28, 1917, P. L. 645," requiring the registration of persons or partners operating under an assumed or fictitious name.

In support of this averment of fact, depositions were taken on behalf of defendant to the effect that the said plaintiff company had not complied with

1 D. & C.

the requirements of said act by filing in the proper office the certificate required.

The sole question for our consideration is whether an inquiry into the fact of such registration is permissible in the consideration of a rule to strike off for reasons appearing of record, and, therefore, whether depositions may be taken to supply any facts relied upon to support such a rule.

That, in the consideration of such a rule, the court is confined to what the record discloses is a simple statement of an ancient and uniformly accepted rule. The fact that the record relied upon, supplemented by some other record, discloses the irregularity complained of is not sufficient. In the case under consideration there is no complaint as to any irregularity appearing on the face of the lien, but it is urged that, when the facts are properly shown and made known by the taking of depositions, there appears an insuperable obstacle to the maintenance of plaintiff's claim and lien. But, even if this contention is legally sound, is it now available in this proceeding? We think not.

In Mesta Machine Co. *v.* Dunbar Furnace Co., 250 Pa. 472, the Supreme Court, discussing the procedure to strike off a mechanic's lien, said: "When a rule to strike off such claim is taken by an owner, depositions cannot be used by either side to show that the claim, though insufficient on its face, is in point of fact valid or invalid."

A rule to strike off a mechanic's lien must be determined by the record. See Burger *v.* S. R. Moss Cigar Co., 225 Pa. 400; Hiestand *v.* Keath, 229 Pa. 149; Dyer *v.* Wallace, 264 Pa. 169, 174.

In Burger *v.* S. R. Moss Cigar Co., where a contract between the owner and the contractor had been properly entered into and duly filed in the prothonctary's office, agreeing that no mechanic's lien should be filed, and the lien, in violation of said agreement, was filed, and the Court of Common Pleas upon motion struck the lien from record, the Supreme Court said: "It was error for the learned court to strike the lien from the record. It is settled on reason and authority that a mechanic's lien will not be stricken off which is regular on its face for matters *dehors* the lien. This rule was early established in this State and has been uniformly adhered to by this court. The right to a mechanic's lien being entirely statutory, not only the right itself, but the method of enforcing it, must depend upon the statute, and must be pursued in strict compliance with the terms of the statute." Citing Stoke *v.* McCullough, 107 Pa. 39, and quoting therefrom: "The claim is a specific lien under the statute, and the court has no power over it, except in the form provided by statute. A *scire facias* is the legal means of its enforcement, and either party may oblige the other to go to trial. If no *scire facias* be issued, the defendant may by rule proceed as if a *scire facias* had issued."

And the court, continuing, said: "Matters *dehors* the lien can be made available to the defendant on a trial on a *scire facias*. They are matters of defence and necessarily can only be interposed as such on the trial under proper pleadings. A contract against liens in this case was not a part of the original contract between the owner and the contractor, and, hence, was not disclosed by the record of the lien. It could be made available, however, on the trial of a *scire facias* when offered as a defence to the plaintiff's claim." See Thirsk *v.* Evans, 211 Pa. 239.

In McVey *v.* Kaufmann, 223 Pa. 125, the contention being that the notice of the intention to file the lien, as required by the statute, was defective, and, therefore, that the lien should be struck off, the Supreme Court said: "The notice being no part of the lien, the only remedy for a defect in it is not, as

counsel for the appellees contend, to move to strike it off, but defence may be made on the trial that there was no right to file it, though regular on its face, just as such defence may be made if, as a matter of fact, the lien was filed too late or the labor or materials were not furnished. It is a substantive defence on a matter *dehors* the lien."

Section 36 of the Act of June 4, 1901, P. L. 431, provides, *inter alia*, as follows: "In addition to the defences growing out of the sufficiency of the claim itself, or of the proof of the facts necessary to sustain it as a claim against the structure or other improvement, any defence which would defeat the action were it a personal one against the contractor to recover for the particular work or materials required to be done or furnished under the contract of the owner, . . . shall wholly defeat the claim."

It, therefore, appears that the defence to this lien now interjected is not only premature, but unavailing in this proceeding.

Section 10 of this statute provides for the issuance of a *scire facias* upon said lien, and provides that the defendant in the lien may require the issuance of a *scire facias* within fifteen days after the notice has been served upon the claimant.

In Hiestand *v.* Keath, 229 Pa. 149, the Supreme Court said: "It will, therefore, be observed that the statute affords, by means of the writ of *scire facias*, a complete remedy for the claimant to compel payment of his claim, and it is equally apparent that the owner may, under the sections of the act referred to, at any time compel a speedy issuance of the writ, and may interpose any defence which will defeat the claim or relieve his property from the lien."

We, therefore, are of the opinion that defendant's rule to strike off the lien for reasons appearing of record should be discharged.

Now, Nov. 7, 1921, rule to strike off lien for reasons appearing of record is hereby discharged.

From Otto Kohler, Meadville, Pa.