## Hudak v. Falasa et al.

*Stanley B. Jones*, for claimant; *Andrew Hourigan*, for defendants.

JONES, J., Jan. 22, 1929.—Mechanic's lien filed by a sub-contractor for work and services performed in connection with the erection and construction of a building owned by defendants, and a petition to strike off upon the grounds:

*(a)* Stipulation against mechanic's lien was duly filed in the office of the prothonotary before any authority had been given by the owners to the contractor to commence work on the building.

This is a matter purely *dehors* the record and the subject of defense upon trial upon a *scire facias* on the lien. The court will not strike off a lien regular on its face for matters *dehors* the record: Hiestand *v*. Keath, 229 Pa. 149.

A contract against liens not being a part of the original contract between the owner and the contractor, and, hence, not disclosed by the record of the lien, is not available as a defense upon this motion, but can be available on the trial of a *scire facias* when offered as a defense to the plaintiff's claim: Burger *v*. S. R. Moss Cigar Co., 225 Pa. 400.

*(b)* Defective notice of intention to file the lien.

All that need appear on the face of the lien is "when and how notice was given:" McVey *v*. Kaufmann, 223 Pa. 125.

This lien discloses sufficient service of notice upon John and Helen Falasa, owners, on Sept. 29, 1927, at their dwelling-house, No. 205 West Union Street, Nanticoke, by handing the notice to them personally and making known the contents thereof.

A copy of the notice need not be set out in the lien. Whether the form and substance of the notice are in compliance with the provision of section 8 of the Mechanics' Lien Act are matters to be determined at the trial: Thirsk *v*. Evans, 211 Pa. 239.

Our attention has been called to several cases decided by the Superior Court in which the lien was stricken off upon a defective notice, but subsequently the court, in Benton *v*. Berg Distilling Co., 63 Pa. Superior Ct. 412, explains the practice: "It is true that in Thirsk *v*. Evans, *supra*, it was held that a copy of the notice need not be set out in the lien; and whether the notice is in proper form is a matter to be determined at the trial; but in the present case the notice is set out in the affidavit of defense and there is no disputed question of fact in reference to it."

That was a case of a *scire facias sur* mechanic's lien, and in the case at bar the notice is not set out in the lien.

The Supreme Court, in Burger *v.* S. R. Moss Cigar Co., *supra*, quoted with approval the above extract from the opinion in Thirsk *v.* Evans, *supra*, holding that the only remedy for a defect in the notice of the intention to file the lien is a substantive defense on a matter *dehors* the lien.

For the reasons herein stated, the rule to strike off the lien is discharged, without prejudice to the petitioner to present the matters upon the trial of the *scire facias.*                                      From Frank P. Slattery, Wilkes-Barre, Pa.