## Reichert v. Houser

P. B. *Roads* and Isadore *Krasno*, for claimant.
Roy P. *Hicks*, for defendant.

DALTON, J., November 9, 1942.—On February 21, 1940, claimant filed a mechanic's lien claim. On September 14, 1942, defendant obtained a rule to show cause why the said lien should not be stricken from the record for failure to issue a writ of sci. fa. thereon within the two-year period prescribed by section 10 of the Act of June 4, 1901, P. L. 431, 49 PS §52.

In opposition to the rule, claimant contends that before defendant may move to strike off the lien defendant must first serve upon claimant 15 days' notice to issue a writ of sci. fa., in the manner provided by section 31 of the said act, 49 PS §136, despite the expiration of the two-year period.

The contention is without merit. Section 31 gives the defendant a remedy whereby he may secure a prompt adjudication of the claim and thus prevent

claimant from delaying the full length of the statutory period: Hiestand v. Keath, 229 Pa. 149, 152. But if defendant chooses to let time run its course and claimant permits the statutory period to expire without issuing a writ of sci. fa., the claim is "wholly lost" by the express terms of section 10.

And now, November 9, 1942, the rule to show cause why the mechanic's lien entered to the above number and term should not be stricken from the record is made absolute, and the said lien is hereby stricken from the record.