# Stoke & Co. *versus* McCullough.

1. A mechanics' lien, upon which judgment has not been entered, is not within the purview of the Acts of March 27, 1865 (P. L., 52), and March 14, 1876 (P. L., 7), authorizing the Courts of Common Pleas to enter satisfaction of judgments upon proof of payment. It is merely a specific lien, over which the courts have no power, except as provided by the Acts creating and relating to such liens.

2. While the Courts of Common Pleas have inherent power to strike off a mechanics' lien which is defective in form or irregularly entered, yet when such lien is regularly entered and proper in form, the Courts have no power, upon the petition of the defendant alleging an award of arbitrators in his favor, or payment thereof, and, upon depositions taken thereunder, to order that said lien be marked satisfied or stricken from the record. The question of payment of such lien is one of fact, and as such is for the determination of the jury on the trial of the sci. fa. An award of arbitrators is but evidence of such payment, and as such for the consideration of the jury.

May 26, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Error to the Court of Common Pleas of *Blair county:* Of July Term, 1883, No. 43.

This was a scire facias sur mechanics' lien, entered by William Stoke & Co. against David G. McCullough. A plea in abatement was filed by the defendant, alleging that the parties had, previous to the issuing of the sci. fa., agreed to refer the matter in dispute to arbitration; the court thereupon suspended the proceedings on the sci. fa. " until after the event of arbitration or attempt to arbitrate." The defendant subsequently filed a petition, alleging an award by

the arbitrators in his favor, and a consequent settlement of plaintiffs' claim, and praying the court for a rule on plaintiffs to show cause why the said lien " should not be marked satisfied or stricken from the record." Depositions were taken by both parties to the rule, and the court, after argument, made absolute this rule, whereupon the plaintiffs took this writ of error, assigning as error the said action of the court.

*Alexander & Herr*, for the plaintiffs in error.—Payment is a question of fact to be tried by a jury, and the petition to the court is no substitute for this. This decree directing plaintiff to satisfy the lien dismisses a suit without giving the party a chance to have his rights tried by due course of law: Banning *v.* Taylor, 12 Harris, 289. The decree to satisfy seems to us to be, in effect, a decree striking the lien off. It is not contended that the lien is defective in form or substance. It is well settled that upon petition or demurrer the court may strike from the record mechanics' liens which are defective. The questions which are raised in such cases are questions of law, and properly triable by the court and not by the jury. The cases which establish this principle indicate that no question of fact can be determined by the court, and therefore cannot be determined upon petition or demurrer. Here the question of payment was one of fact and as such triable by a jury: Frick & Snyder *v.* Gladdings, 10 Phila., 79; Harper's Appeal, 4 W. N. C. 49; Miller *v.* Bedford, 86 Pa. St. 454.

*A. V. Dively*, for the defendant in error.—The parties selected their own tribunal. That tribunal having rendered an award in favor of the defendant, the lien was properly stricken off. The courts possess inherent powers to strike off a judgment or lien in such case: Snodgrass *v.* Gavit, 4 Casey, 221.

Mr. Justice CLARK delivered the opinion of the court, October 6, 1884.

A mechanic's lien was entered by William Stoke & Co., the plaintiffs, for work and labor done, in the construction of a dwelling house for D. G. McCullough, the defendant, under the terms of a written agreement between the parties, dated May 2, 1879. The plaintiffs' claim was for $4,562.50, the full contract price, and also for extra work to the amount of $570.95. It is admitted that the $4562.50 has been paid; the present contention arises out of the claim for extra work.

According to the agreement, all disputes concerning the value of " extra work," and " work omitted," were to be settled by a method provided therein, as follows:

[Stoke *v.* McCullough.]

" Should any dispute arise, respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the architect, and his decision shall be final and conclusive.   But should any dispute arise, respecting the true value of the extra work, or of the work omitted, the same shall be valued by two competent persons, one employed by the owner and one by the contractor, and those two shall have power to name an umpire, whose decision shall be binding on all parties."

On the 15th March, 1881, a scire facias issued upon the lien, and the parties having failed to agree, as to the value of the extra and omitted work, or to ascertain the value thereof, according to the method mentioned in the agreement, on the 31st August, 1881, further proceedings on the scire facias were " suspended until after the event of an arbitration or attempt to arbitrate " under the clause above quoted.   Arbitrators were thereupon chosen, and their award was made 10th July, 1882, in the following form :

" We the undersigned arbitrators, chosen under and by virtue of section 5 of article of agreement, between above parties, do say that after being first severally sworn or affirmed to perform our duties impartially and with fidelity, under the provisions of said section 5 of article of agreement, we met the above, on the 19th day of June, 1882, and by continuance on subsequent days, and, after hearing the parties, their proof and allegations, in accordance with the purpose of our appointment, do award in favor of D. G. McCullough fifty-nine and seventy one-hundredths dollars, with fourteen dollars costs, being one half of costs of arbitration.

On the 24th July, 1882, upon the defendants' petition, setting forth the finding of the arbitrators, the court awarded a rule upon the plaintiff, to show cause why the mechanic's lien should not be satisfied.   An answer was filed, depositions taken on both sides, and the case fully considered upon the rule.   Upon argument the rule was made absolute ; this action of the court, summarily ordering the satisfaction of the lien, is the principal error assigned.

The lien was regular upon its face, at least no irregularity is alleged against it.   If the claim had been substantially defective, the court upon special plea, demurrer, or upon mere motion perhaps, might have stricken it off.   But the order of the court was here made upon the proof of payment, a fact alleged on one side, denied on the other.   The award may furnish evidence, proper under the plea of payment, but an award thus made is merely evidence, it is no part of the record ; it depends for its validity upon a variety of considerations which must appear by oral proof.

[Stoke *v.* McCullough.]

Our attention has not been directed to any general statute which invests the courts with power, summarily, to satisfy or discharge a mechanic's lien, and we find no local statute applicable to such lien in Blair county. By the provisions of the Act of 27th March, 1865, Pamph. Laws, 52, authority was given to the several courts of common pleas, throughout the commonwealth, to direct satisfaction to be entered on such judgments, obtained therein, as should appear by the record to have been fully paid, under execution issued thereon ; and by the more recent act of 14th March, 1876, the same courts were authorized to decree the satisfaction of any judgment, in case of actual payment. The courts have always had power to strike off an irregular judgment, or a decree improvidently entered, but no power existed at the common law to strike off, vacate or satisfy a judgment regularly entered : King *v.* Brooks, 22 P. F. S. 363 ; Reynolds *v.* Barnes, 26 Id. 427 ; Horner *v.* Hower, 3 Wr. 126 ; Breden *v.* Gilliland, 17 P. F. S. 34. Until after the passage of the Acts above referred to no such power existed.

But a mechanic's lien is not a judgment until judgment be entered upon it. The claim is a specific lien under the statute, and the court has no power over it, except in the form provided by statute. A scire facias is the legal means of its enforcement, and either party may oblige the other to come to trial. If no scire facias be issued, the defendant may by rule proceed as if a scire facias had issued. In the case at bar, however, a scire facias had been regularly served ; whether or not the claim had been paid, and the debt discharged, was a question of fact, which could only be determined by a jury. The award, its validity and effect, are matters which can only be considered at the trial of that issue. They are not properly before us now. If we had the power we have not the means of determining the matters in controversy between the parties ; the evidence, upon which the order of the court is based, is no part of the record, but in the suit still pending all proper matters of defence can be properly pleaded or proven.

The order and decree of 28th March, 1883, is reversed and the mechanic's lien is reinstated.