# Pagnacco *v.* Faber.

*Mechanic's lien—Parties—New contract—Intervention—Act of June 4, 1901, P. L. 431.*

1. The proceedings on a mechanic's lien and the right of parties to intervene to protect their interests are regulated by statute. If one wishes to intervene he must pursue the manner pointed out in the statute; and if it does not authorize his intervention, or provide the manner in which he may intervene, the court is without authority to assist him.

2. A person is not entitled to intervene as party in a mechanic's lien case after judgment, under secs. 23 and 24 of the Act of June 4, 1901, P. L. 431, unless he is a "party having a lien against estate in or charge upon the property included in such claim," or is one, "having an interest in the property described in the claim . . . . existing at the time of the claimant's contract, or acquired subsequently thereto." A person has no right to intervene whose claim rests solely upon an equity which arose out of the conduct of the plaintiff entailing a loss upon the petitioner, if the plaintiff is permitted to enforce his lien.

3. In such a case if it appears that the proposed intervenor is a corporation, and that the reputed owner was an officer of the corporation who took title to protect it as a surety for the mortgagees of the property against mechanics' liens, such ownership does not give the corporation the right to intervene after judgment, inasmuch as it was its duty to assert any rights which it had as owner at the trial, and failing to do so is concluded by the judgment in favor of the plaintiff.

4. Where a contractor under a written contract waives his right to file a mechanic's lien, but subsequently after a change of ownership of the building, makes with the new owner an oral contract to finish the building, without any waiver of the right to file liens, the contractor as against the new owner, has the right to enforce a lien, although a trust company which was not a party to the proceedings had insured the completion of the building, relying upon the waiver in the original contract. In such a case even if the trust company should be permitted to intervene after judgment in favor of the plaintiff, it has no equity which it could enforce.

Argued Jan. 14, 1909. Appeal, No. 284, Jan. T., 1908, by The Land Title and Trust Company, from order of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 5,063 M. L. D. (consolidated with Nos. 5,062 to 5,111 M. L. D.) discharging rule to intervene in case of Joseph Pagnacco v. Frederick F. Faber, owner and contractor, and J. Willison Smith, reputed owner. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition to intervene. Before KINSEY, J.

In addition to the facts stated in the opinion of the Supreme Court and in the report 221 Pa. 326, it appeared that J. Willison Smith, mentioned as the reputed owner, was in fact an official of the trust company, and that he held the title for the trust company to secure the company.

The court discharged the rule to intervene.

*Error assigned* was order discharging the rule.

*John G. Johnson*, with him *Edward Brooks, Jr.*, and *Frederick J. Geiger*, for appellant.—The Land Title and Trust Company has an equity which should estop the claimant from maintaining his liens to the prejudice of the title company: Wyss-Thalman v. Beaver Valley Brewing Co., 216 Pa. 435.

The Land Title & Trust Company is entitled to intervene: Este v. Penna. R. R. Co., 13 Pa. Dist. Rep. 451.

*G. Von Phul Jones*, for appellee.—The petitioner has no interest in the properties affected by the liens such as entitles it to intervene: Watt Bros. & Co. v. Eckels, 11 Pa. Dist. Rep. 570.

After final judgment it is too late for petitioner to ask leave to intervene, even if it had that right while the suit was pending.

Petitioner is concluded by the judgment entered in this case because it conducted the defense: Strayer v. Johnson, 110 Pa. 21; Hostetter v. Pittsburg, 107 Pa. 419; Peterson v. Lothrop, 34 Pa. 223; Deeds v. Imperial Brick Co., 219 Pa. 579.

The rule that what has been judicially determined shall not again be made the subject of controversy, extends to every question in the proceedings which was cognizable: Nace v. Hollenback, 1 S. & R. 540; Himes v. Jacobs, 1 P. & W. 152; Head v. Meloney, 111 Pa. 99; Hartman v. Pittsburg Incline Plane Co., 2 Pa. Superior Ct. 123; Rauwolf v. Glass, 184 Pa. 237.

A judgment or decision in rem is binding and conclusive on all the world: Harmer v. Griffith, 1 Grant, 193; Coates v. Roberts, 4 Rawle, 100; Millcreek Township v. Reed, 29 Pa. 195; Whitaker's Estate, 10 W. N. C. 106.

The testimony shows that the petitioner has no equities entitled to protection and has met with no losses, which can be attributed to the conduct of plaintiff: Wheeler v. Equitable Trust Co., 206 Pa. 428.

OPINION BY MR. JUSTICE MESTREZAT, March 8, 1909:

The facts out of which this controversy arises will be found in the opinion of the court in Pagnacco v. Faber, 221 Pa. 326, which was heard and decided a year ago. Subsequent to that decision, The Land Title and Trust Company, the appellant here, presented its petition to the court below and, for the reasons therein set forth, prayed the court to grant a rule upon the plaintiff to show cause why it should not intervene as a party defendant, and why the claims of the plaintiff should not be postponed to the rights of the petitioner, and why the said claims should not be legally or equitably disallowed as claims against the property. The petition was dismissed and the petitioner has taken this appeal.

It is claimed on the part of the appellant that under the facts of the case it has an equity which should estop the plaintiff from maintaining his liens to its prejudice. This equity, it is claimed, "arises out of Pagnacco's contract with Nyce and Pagnacco's bond to the title company, and is that the title company shall not suffer a loss by reason of Pagnacco's filing liens" against the property. It is contended that by reason of the contract and the bond given to the title company, Pagnacco should not be permitted to file these liens to enforce his claim

for work and materials to the detriment or loss of the title company which insured the mortgagees of the property against "actual losses by reason of unfiled mechanics' liens and municipal claims and the failure to complete the buildings within eighteen months from the date thereof." The plaintiff successfully resisted the petitioner's application to intervene in the court below, and contends here that it has no right to intervene and no equity against the plaintiff which justifies its intervention.

The case was here before on appeal by the plaintiff. The action was a scire facias on a mechanic's lien against Faber, owner and contractor, and Smith, reputed owner. Pagnacco entered into a written contract with one Nyce to do the stone work and make the excavations in the erection and construction of buildings on certain lots of ground in the city of Philadelphia, and in the contract expressly waived the right to file any liens against the property. After Pagnacco had performed certain work and furnished certain materials Nyce assigned his interest in the property to Faber. Pagnacco, alleging that Nyce had not paid him in full for the work and materials he had furnished under their contract, refused to continue his work after the property had passed to Faber until the latter had agreed to pay him for the work and materials he would furnish thereafter. Subsequently, Pagnacco filed a lien against Faber as owner and contractor and against Smith as reputed owner to enforce a claim for work done and materials furnished under his contract with Faber. He alleged that the work was done and the materials were furnished, not under the original contract with Nyce but under the subsequent oral contract with Faber after the latter had become the owner of the premises. This contention was sustained by the verdict of a jury. The trial court, however, set aside the verdict and entered judgment for the defendant on the ground, as stated in the opinion of this court, that inasmuch as the plaintiff under the contract with Nyce had waived his right to file a lien, and had given bond to protect him against all such liens, which bond Nyce had assigned to the Land Title and Trust Company, on the strength of which the latter had incurred obligations prior to the pur-

chase by Faber, the plaintiff was equitably estopped from setting up such right to file a lien, notwithstanding his contract with Faber. This court reversed that judgment holding, inter alia, that "the company had the right, under the twenty-fourth section of the Act of 1901, to intervene and assert its equities if it chose to do so; but these could only be asserted by itself and not by another." We directed judgment to be entered on the verdict.

The proceedings on a mechanic's lien and the right of parties to intervene to protect their interests are regulated by statute. If one wishes to intervene he must pursue the manner pointed out in the statute; and if it does not authorize his intervention or provide the manner in which he may intervene, the court is without authority to assist him. In this case the Land Title and Trust Company, the petitioner, relies on secs. 23 and 24 of the mechanics' liens Act of June 4, 1901, P. L. 431, as conferring upon the court the authority to grant it permission to intervene and assert its alleged equity against the right of the plaintiff to enforce his lien and judgment against the property. It is apparent, however, we think, that neither of these sections authorizes the appellant's intervention.

This application was made after a judgment had been obtained on a scire facias on the lien. The twenty-third section permits the intervention of an interested party in such case, but the party seeking to intervene must be a "party having a lien against estate in or charge upon the property included in such claim." It cannot be seriously contended that the Land Title and Trust Company, the petitioner, is a party within this provision of the statute. It has no lien against the property nor charge upon it, and hence this section of the statute does not authorize the court to permit the title company to intervene.

We think it equally clear that the petitioner has no standing to claim the right to intervene under the twenty-fourth section of the statute. The party authorized to intervene under that section is one "having an interest in the property described in the claim . . . . existing at the time of the claimant's contract or acquired subsequently thereto." The petition filed by the

title company for leave to intervene does not show that it was, at any time, the record owner of or held a valid title to the property, the subject of the plaintiff's lien. The company does not show that it is even a mortgagee, or that it ever had such interest in the premises as brings it within this section of the statute. The words of the statute manifestly contemplate that the party entitled to intervene under these sections must have some estate or title in the property that will be affected injuriously by the enforcement of the lien. Hence, the act gives such party a right to "intervene as a party defendant and make defense thereto with the same effect as if he had been originally named as the defendant in the claim filed." There is nothing set forth in the petition of the title company which would bring it within the provisions of this section of the statute. Its right to intervene, as it claims, rests solely upon the equity which arises out of the conduct of the plaintiff, entailing a loss upon the petitioner if he is permitted to enforce his lien. This equity cannot by any reasonable interpretation of the statute be held to mean "an interest in the property described in the claim." This is so manifest that further discussion of the proposition is unnecessary.

We do not think that Smith's ownership of the property can avail the Land Title Company in its application now to intervene and assert its alleged rights against the plaintiff. If by reason of Smith's ownership the title company has "an interest in the property described in the claim" or "an estate in the property included in such claim" it had the same rights and interests in the property prior to and at the time of the trial on the scire facias on the lien filed by the plaintiff. If it was an owner or had an interest in the property liened, it was incumbent upon it to assert its rights as such owner or its equities arising out of such ownership, and failing to do so it is concluded by the judgment in favor of the plaintiff. If it was the beneficiary or real owner under Smith, it should, as suggested in the opinion of the court when the case was here before, have intervened and asserted its rights and equities against the claim of the plaintiff. If "an officer of the company" held title to the property liened "for its protection," then the title company, the petitioner and

the appellant here, was a party defendant in the action tried on the scire facias on the lien and was required to assert its rights in or against the property which was the subject of the plaintiff's lien. The Smith title cannot now give it an interest or estate in the property so as to bring it within the act of 1901 and enable it thereby to intervene in the proceeding.

If, however, the title company was permitted to intervene we cannot see that it could succeed as against the plaintiff's judgment. By the terms of the contract between the plaintiff and Nyce, it is conceded that no valid lien could have been filed by the plaintiff against the property for work and materials furnished under that contract. The appellant here alleges that the inducement to assume liability on the title policies was the plaintiff's agreement with Nyce not to file a lien and his bond to the latter for the faithful performance of their contract. But the lien which the plaintiff did file and which this court has sustained was for furnishing work and materials under another and different contract made, not with Nyce, but with his successor in title to the premises. Plaintiff's written contract with Nyce did not prevent the former from filing a lien for work and materials furnished under a subsequent contract with another party to whom the title to the premises had passed from Nyce, nor did the bond given by Pagnacco to Nyce obligate the former to perform the oral contract with Faber. There was no provision in the oral contract with Faber prohibiting the plaintiff from filing a lien, and this court has held that he was entitled to a judgment upon the lien entered under that contract. If that judgment is valid against Faber, the present owner of the property, and Smith, the reputed owner, and we must assume that it is the alleged equity of the petitioner arising out of the former contract and the bond to Nyce is not such "conduct" as brings the plaintiff within sec.* 15 of the statute and equitably estops him from enforcing his lien. The single question here, if the title company was permitted to intervene, would be its right to have priority in payment of its claim over the judgment which the plaintiff has obtained after a trial on a scire facias issued on a lien filed against Faber and Smith for work and materials furnished under the oral contract with

Faber, the owner of the property liened.  By this judgment, it is judicially ascertained that the plaintiff furnished the work and materials as claimed by him in and about the construction of the houses, under a valid contract with Faber; that he was entitled to a lien therefor; and that a judgment thereon was properly entered.  If there was no matter set up at the trial which could "equitably estop the claimant" from filing a lien or obtaining a judgment thereon, we are unable to see that anything averred in the appellant's petition discloses any equity "why said claims (of plaintiff) should not be legally or equitably disallowed as claims against the property" of the defendant Faber.

The assignments are overruled and the order of the court below is affirmed.