## Commonwealth v. First National Bank and Trust Co. of Easton

*Weiss & Rhoads,* for defendant.

RUPP, P. J., May 31, 1949.—On July 2, 1943, defendant filed an appeal from the settlement of the tax on shares made against it for the calendar year 1939 in the sum of $7,525.52, and from the refusal of its petitions for resettlement and review.

In order to understand the long delay in disposing of this matter, a summary of what has transpired since the filing of the appeal is pertinent.

In the specification of objections accompanying the appeal, defendant raised, among others, questions as to its right to have deducted from its valuation, shares held by religious, charitable and eleemosynary organizations, and as to its right to have the actual value of certain stocks and bonds and of certain loans and discounts used in its valuation.

The appeal came on for hearing on December 11, 1944, before the late President Judge Hargest. The following is an excerpt from the transcript of that hearing:

"Mr. Bastian: [Honorable B. B. Bastian, then Deputy Attorney General of the Commonwealth of Pennsylvania.]

"There is really no issue here because we have admitted that the actual value of the stocks and bonds and of the loans and discounts should be used in making the settlement, and we agree that charitable holdings shall not be included. So that we requested the bank to execute a stipulation, but they thought they wanted some kind of a record prepared which would ultimately show the judgment of the court, on which they will request, as I understand, settlements for later years where there was no petition for refund,

the statutory limitation would go from one to five years.

"We are perfectly willing that the court make a consent decree in this case, with judgment for the defendant.

"Mr. Rhoads [counsel for defendant]: If the court please, on behalf of the appellant we offer in evidence the appeal and specification of objections, and also the stipulation of facts which have been signed by Mr. Bastian and ourselves.

"We also have prepared requests for findings of fact and conclusions of law.

"The Court: Any form of decree?

"Mr. Rhoads: We haven't prepared that.

"The Court: You had better do it.

"Mr. Bastian: Any final decree will be all right as long as it shows a consent decree.

"The Court: Prepare the form of decree.

"Will these stipulations show the settlement and all figures?

"Mr. Bastian: They are exhibits.

"Mr. Rhoads: All the facts are agreed to.

"The Court: All right."

No form of decree was presented to the court and no decree was made.

On May 11, 1945, the Commonwealth, through its Deputy Attorney General, presented to the court a petition representing that it conceded that the deductions claimed by defendant were proper and therefore neither the facts nor the law involved in the matter of the deductions was any longer at issue, and praying for a rule on defendant to show cause why these points should not be excluded from the trial of the case. On May 11, 1945, the rule was granted, returnable May 15, 1945.

On November 20, 1945, without permission of the court and without the knowledge or consent of coun-

sel for defendant, the Commonwealth, through its Deputy Attorney General, filed in the office of the prothonotary a paper entitled "Confession of Judgment in Favor of First National Bank and Trust Company of Easton, Pennsylvania, Appellant", wherein the Commonwealth "confesses and consents to the entry of judgment against the Commonwealth and in favor of the appellant or in the sum of $118.58", as a result of computing the tax by granting the above deductions, and wherein the Commonwealth directed the prothonotary "to enter said judgment which will be placed on the account of the appellant in the Department of Revenue as a credit for overpayment of shares tax for the calendar year 1939". Judgment was accordingly entered by the prothonotary.

On December 31, 1945, the receiver of the defendant bank [Francis B. Kelly, agent under title of "Liquidator" and attorney in fact for the Federal Deposit Insurance Corporation, who took over the defendant on December 10, 1943] petitioned this court for a rule on the Commonwealth to show cause why the judgment should not be stricken off, because there was no warrant or authority for entering it and "the defendant does not acquiesce, consent or ratify the judgment entered, but desires that the same be stricken off". The rule was granted on December 31, 1945, returnable in 10 days.

On January 16, 1946, the Commonwealth filed an answer to the receiver's petition denying want of authority and praying that the rule to strike off the judgment be denied.

Argument on the rule to strike off the judgment having been listed for the term of Commonwealth court beginning November 12, 1946, on November 8, 1946, counsel for the parties stipulated and agreed that the petition of May 11, 1945, and rule granted

thereon be withdrawn and not made a part of the record in these proceedings.

On July 24, 1947, relying on the prior decision of this court in Commonwealth v. The Central Railroad Co. of New Jersey, 57 Dauph. 255 (1946), to the effect that the Attorney General has no authority to confess a money judgment against the Commonwealth either under the common law or under any statute, Judge Hargest entered a decree making absolute the rule to strike off the judgment and striking off the judgment of $118.58 confessed against the Commonwealth.

The Commonwealth appealed from the decree to the Supreme Court, but on April 15, 1948, the appeal was withdrawn due to the fact that the decision in The Central Railroad Company of New Jersey case was affirmed on January 5, 1948: Commonwealth v. The Central Railroad Co. of New Jersey, 358 Pa. 326.

On October 25, 1948, the Commonwealth petitioned the court for, and was granted, a rule upon defendant to show cause why judgment should not be entered by consent in the sum of $5,087.52 (the tax properly owing) in favor of the Commonwealth and against defendant, and the Secretary of Revenue be directed to enter a credit in favor of defendant in the sum of $913.07 (the amount of tax overpaid).

Defendant filed an answer to the petition praying for the discharge of the rule, alleging that it has not at any time, and does not now, agree that judgment be entered by consent; that it has at all times insisted, and does now insist, that the court determine and adjudicate its legal rights in this proceeding, and that it has at all times sought an adverse decree.

The matter is now before the court on the latter petition, rule and answer.

Argument having been ordered on petition and answer, all averments of fact responsive to the petition

and properly pleaded in the answer are deemed admitted for the purpose of the rule: Pa. R. C. P. 209. Not only does the answer allege that defendant has at no time, and does not now, agree to the entry of a consent judgment, but it alleges that defendant objects to the entry of such a judgment and seeks the entry of an adverse decree. Thus, even without more, the allegations of the answer are sufficient to discharge the rule.

Moreover, we have discovered nothing in this entire proceeding to support a finding that the prerequisite clear and specific consent to the type of judgment requested by the Commonwealth ever was, or is now, given by defendant. In the absence of a definite and unequivocal agreement between the parties for the entry of a judgment by consent, we know of no authority for the entry of such a judgment by the court. See 49 C. J. S. 308, 311, §§173, 175, and cases cited thereunder. Accordingly, the rule must be dismissed.

The Commonwealth strenuously urges that the court should not enter an adverse decree, alleging that the question as to whether or not the deductions claimed by defendant should have been made has become moot, and the only reason defendant insists upon an adverse decision and decree is in order that it may use the ruling as a precedent for the purpose of extending the period of limitation to five years for the benefit of future claims for refund—all of which the Commonwealth contends is contrary to the general rule established by numerous cases that it is not the province of the courts to decide moot questions or abstract propositions of law and to enter judgments or decrees to which effect cannot be given.

Quite aside from the fact that the matter whether or not the question is moot is not properly raised on the instant rule to show cause, the cases which the Commonwealth cites in support of its contention are

not applicable here. In each instance cited something had occurred in the course of litigation which obviated the granting of relief and which therefore would have rendered the entry of a decree nugatory. Here, such an occurrence has not taken place. Nothing has happened to obviate the granting of the relief prayed for by defendant. Defendant, under section 1104, as amended, of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1104, has appealed from a settlement of tax made against it which it claims to be in excess of the amount it owes the Commonwealth and prays for a determination of its legal rights by this court and for a judgment granting it a credit for the excess taxes which it has paid the Commonwealth. The Commonwealth concedes that a judgment must be entered granting defendant the claimed credit. Thus the Commonwealth does not contend that defendant is not entitled to relief. What the Commonwealth is attempting to do is to indicate to the court the type of judgment which it should enter in this case to the end that the Commonwealth's position in possible future claims for refund may not be jeopardized. Whatever the effect of the court's action, it need not be demonstrated that under the circumstances of this case defendant is entitled to have the question of the deductions raised on appeal determined by this court on the state of the record before us.

The Commonwealth stipulated of record that in making the settlement for tax on shares against defendant for the calendar year 1939, based on the shares tax report filed by defendant for that period, the taxing departments granted no deductions for shares held by religious, charitable and eleemosynary organizations and failed to use the actual value of certain stocks and bonds and of certain loans and discounts. The Commonwealth also admitted on the record that the taxing departments' failure to make such

deductions was erroneous. We, therefore, conclude that the question of the deductions raised on appeal must be adjudicated in favor of defendant; that judgment must be entered in favor of the Commonwealth for the amount of tax properly due it, and that a credit must be directed to be entered in favor of the defendant in the amount of tax overpaid, in accordance with the following schedule:

| | | |
|---|---:|---:|
| Capital Stock | $600,000.00 | |
| Surplus | 300,000.00 | |
| Undivided Profits | 41,241.00 | $941.241.00 |
| Less: | | |
| Depreciation on Bonds | $189,673.00 | |
| Depreciation on Stocks | 1,016.00 | |
| Loss or Depreciation on Loans and Discounts | 59,585.00 | |
| National Bank Shares | 477.00 | $250,751.00 |
| Value of Capital, Surplus and Undivided Profits | | $690,490.00 |
| Value per Share | | 57.54 |
| Value of Exempt Shares (those held by charitable, religious or eleemosynary owners—948 shares x $57.54) | | 54,548.00 |
| Total Taxable Capital, Surplus and Undivided Profits—Less Value of Exempt Shares | | 635,942.00 |
| Total tax @ 8 mills | | 5,087.52 |
| Tax paid | | 6,000.59 |
| Credit Due Defendant | | 913.07 |

## *Judgment*

And now, May 31, 1949, the rule to show cause why a consent judgment should not be entered is hereby dismissed, and judgment is hereby directed to be entered in favor of the Commonwealth and against defendant in the amount of $5,087.52 (the tax properly owing) and the Secretary of Revenue is hereby directed to enter a credit in favor of defendant in the amount of $913.07, the tax overpaid, unless exceptions be filed within the time specified by law.