Dunham-Bush, Inc., Appellant, *v.* Murray's
51 Lanes, Inc.

Argued September 30, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel J. Snyder,* with him *Avra N. Pershing, Jr.,* and *Pershing, Snyder and Ciarimboli,* for appellant.

*Morris M. Berger,* with him *Daniel M. Berger, Bernard S. Shire,* and *Berger & Berger,* and *Ezerski & Shire,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 12, 1963:

This appeal challenges the availability of a petition to strike off a mechanic's lien to invoke the provisions of a no-lien stipulation, i.e., a stipulation against liens, between an owner and a general contractor to invalidate the lien.

Murray's Lanes, Inc. (Murray's), is the owner of certain real property in Rostraver Township, Westmoreland County. Murray's entered into a contract with one Al Godla (Godla), as general contractor, for the erection and construction by Godla of a building on said property wherein bowling was to be conducted. On February 6, 1961, as part of the general contract, Murray's and Godla entered into a no-lien stipulation which was duly filed in the office of the Prothonotary of Westmoreland County on March 1, 1961.

On February 19, 1962, Dunham-Bush, Inc. (Dunham-Bush), filed a mechanic's lien against Murray's building, together with the bowling lanes, the amount of said lien being $18,999.98 with interest from August 24, 1961. On July 27, 1962, Murray's filed a petition to strike off this lien and the Court of Common Pleas of Westmoreland County granted a rule on Dunham-Bush to show cause why the lien should not be stricken. On November 29, 1962, Dunham-Bush filed an answer to the petition to strike off the lien. On May 22, 1963, the court, with Judge KEIM dissenting, made the rule absolute and directed that the lien be stricken. From that order this appeal was taken.

The petition to strike off the lien was based on two grounds: (1) the notice of intention to file the lien failed to set forth the name of the party with whom

Dunham-Bush contracted;[1] (2) the provisions of the no-lien stipulation between Murray's and Godla precluded the filing of this lien. By way of answer, Dunham-Bush averred: (1) the notice of intention to file the lien contained, both in the caption and the body, the name of Godla as contractor and attached to the notice was a copy of the invoice to Godla for materials furnished, all of which revealed Godla as the contractor; (2) although admitting the existence and the filing of the no-lien stipulation, the validity as to Dunham-Bush of such stipulation was denied because prior to the time labor and materials were furnished Dunham-Bush had no notice of such stipulation and, after reasonable investigation, Dunham-Bush was without information or knowledge sufficient to form a belief whether the stipulation was filed prior to commencement of the work or within 10 days after execution of the stipulation or not less than 10 days prior to the Godla-Dunham-Bush contract.[2]

The real thrust of Dunham-Bush's argument is that in striking off this lien the court did so upon matters dehors the record, i.e., the provisions of the no-lien stipulation. While conceding that the propriety of a petition to strike off a mechanic's lien may not be determined by matters dehors the record, Murray's takes the position that, by reasons of a statement in the lien itself as to the date work commenced on the property and certain averments in the petition taken together with the answers of Dunham-Bush to such averments, the provisions of the no-lien stipulation did become part of the record in this case.

---

[1] The court below neither discussed nor placed its decision upon this ground. As to the adequacy of the inclusion in the caption of the name of the contractor see: *Intercoastal Lumber Distributors v. Derian*, 117 Pa. Superior Ct. 246, 178 Atl. 350.

[2] A no-lien stipulation need not be filed not less than 10 days prior to the contract with the subcontractor: *Bennar v. Central Mausoleum Co.*, 304 Pa. 569, 571, 572, 156 Atl. 239.

This Court in *Burger v. S. R. Moss Cigar Co.,* 225 Pa. 400, 407, 408, 74 Atl. 219, set forth the scope of authority of a court in determining the propriety of a petition to strike off a mechanic's lien: "It is settled on reason and authority that a mechanic's lien will not be stricken off which is regular on its face for matters dehors the lien. This rule was early established in this state and has been uniformly adhered to by this court. The right to a mechanic's lien being entirely statutory, not only the right itself, but the method of enforcing it, must depend upon the statute, and must be pursued in strict compliance with the terms of the statute: [citing authorities]. The statute enacts that the lien shall be enforced by a scire facias and provides the form of the writ. It also provides the mode of service of the writ and the defenses which may be made to the action. The lienor may proceed voluntarily on the lien, or the owner or contractor may require him to do so. The statute provides a remedy for the disposition of the lien by all parties concerned, and that remedy must be pursued. . . . Matters dehors the lien can be made available to the defendant on a trial on a scire facias. They are matters of defense and necessarily can only be interposed as such on the trial under proper pleadings."

In concluding that the lien should be stricken, the majority of the court below did so upon the theory that, by reason of the statement in the lien taken in conjunction with certain admissions in the answer, the case at bar fell within the rule because the no-lien stipulation had become a part of the record. An examination of the pleadings reveals that, although Dunham-Bush admitted the existence and the filing of the no-lien stipulation, it nevertheless challenged the applicability and the validity of such stipulation to it, particularly upon the ground that under the Mechanics' Liens Act[3]

---

[3] Act of June 4, 1901, P. L. 431, as amended, 49 PS §72.

the time of filing such stipulation precluded Dunham-Bush being charged with constructive notice of such stipulation. To Dunham-Bush's argument, Murray's takes the position that, since the lien itself contains an averment that the first visible work on the project commenced on March 28, 1961—28 days subsequent to the filing of the no-lien stipulation—and since the invoice attached to the lien indicates that Godla did not order materials from Dunham-Bush until March 12, 1961—more than 10 days subsequent to the filing of the stipulation—such statements in the lien plus the admissions of the existence and the filing of the stipulation render the no-lien stipulation an integral part of the record upon which the court could determine the impact of the stipulation on the validity of the lien.

In this area of the law we are concerned with a right granted by statute. Our case law has strictly construed not only this right but the method of its enforcement and has established the *inexorable* rule that a court, in passing upon the propriety of a petition to strike off a mechanic's lien, *must not venture outside the record: Dyer v. Wallace,* 264 Pa. 169, 174, 107 Atl. 754; *Mesta Machine Co. v. Dunbar Furnace Co.,* 250 Pa. 472, 476, 95 Atl. 585; *Hiestand v. Keath,* 229 Pa. 149, 78 Atl. 40; *Burger v. S. R. Moss Cigar Co.,* supra; *Northern Electrical Mfg. Co. v. Columbia Brewing Co.,* 47 Pa. Superior Ct. 96; *Brennan v. Kennedy,* 69 Pa. Superior Ct. 77; *Penna. Supply Co. v. Lumb,* 52 Dauph. 29; *Hudak v. Falasa,* 25 Luz. L.R. 171; Cushman, The Law of Mechanics' Liens in Pennsylvania, Vol. II, pp. 961, 962, 963.

In the posture in which the case at bar is presented the no-lien stipulation is not a "part of the record" within the letter and meaning of our case law and the determination of the validity of this lien on the basis of the no-lien stipulation required that the court below go beyond the record. Even where parties had en-

tered into a stipulation as to certain facts in a petition to strike off a lien proceeding and the common pleas court struck off the lien on the basis of the facts contained in the stipulation, this Court reversed the action of the court below on the grounds that the stipulated matters were dehors the record: *Hiestand v. Keath,* supra. The no-lien stipulation upon which the court below struck off this lien was a matter dehors the record and should not have been considered by the court below. Any other conclusion runs counter to the sound and well-settled case law in this Commonwealth.

The result which we reach does not deprive Murray's of an opportunity to have a determination of the impact of the no-lien stipulation on the lien of Dunham-Bush. Murray's can defend upon the basis of this stipulation in scire facias proceedings on this lien and, if Dunham-Bush delays or fails to proceed by way of scire facias, Murray's may force the issue: *Stoke & Co. v. McCullough,* 107 Pa. 39, 42. In short, what we now decide is that the effect of this no-lien stipulation upon the mechanic's lien as filed must be determined in the manner provided by the statute and commanded by our case law on the subject.

Order reversed. Each party to pay own costs.