## McCarthy, Appellant, *v.* Reese.

Argued April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 5, 1966.

*Lloyd B. White, Jr.,* for appellant.

*J. T. Mulligan,* with him *Francis R. Lord,* for appellee.

OPINION BY MR. JUSTICE COHEN, October 13, 1965:
This is an appeal from an order of the lower court dismissing plaintiff-claimant's rule to show cause why

the record satisfaction of his mechanic's lien should not be expunged. The order must be reversed.

Claimant is a general contractor who contracted to construct a building for Dale and Margaret Reese, defendant-owners. In connection with this contract claimant executed a waiver of mechanics' liens containing a warrant of attorney. The warrant, inter alia, empowers any attorney of any court of common pleas to appear for the claimant and mark satisfied of record, at claimant's cost, any mechanic's lien and is expressly irrevocable.

After claimant filed his lien the owners entered a rule on claimant to issue scire facias, with which claimant complied in due course. An affidavit of defense was filed, asserting, inter alia, the waiver agreement. After a pretrial conference the parties agreed to a trial before a judge without a jury. Thereafter, an attorney who had not theretofore appeared on behalf of either party exercised the warrant of attorney contained in the waiver by entering his appearance on claimant's behalf and marking the mechanic's lien satisfied. In its opinion, the lower court stated that this attorney acted at the instance of a title company. It is the action of this attorney which the lower court refused to expunge from the record. From this refusal the claimant appeals.

Claimant's right to a mechanic's lien was asserted under and must be regulated by the Mechanics' Lien Law of June 4, 1901, P. L. 431, as amended, 49 P.S. §1 et seq., except that matters of practice and procedure arising on or after January 1, 1964, are regulated by §§701 through 706 of the Mechanics' Lien Law of 1963 and Pa. R.C.P. 1651 through 1660, insofar as these provisions and rules are pertinent.[1]

---

[1] The 1901 Law was repealed by §901 of the Mechanics' Lien Law of 1963. Act of August 24, 1963, P. L. 1175, §901, 49 P.S. §1901. However, the 1963 Law did not take effect until January

It is clear that the right to file a mechanic's lien may be waived by agreement between the claimant and the owner. Act of June 4, 1901, P. L. 431, §15, as amended, 49 P.S. §71. But the question here is whether the waiver may be effectuated by obtaining and exercising an irrevocable warrant of attorney to mark the claim satisfied in the event that the lien is asserted in contravention to the waiver agreement.

We have consistently held that the right to a mechanic's lien is entirely statutory, and, therefore, not only the right itself but the method of enforcing and defending it must depend upon the statute and must be pursued in strict compliance with it. *Dunham-Bush, Inc. v. Murray's 51 Lanes, Inc.*, 412 Pa. 424, 194 A. 2d 887 (1963); *Hiestand v. Keath*, 229 Pa. 149, 78 Atl. 40 (1910); *Pagnacco v. Faber*, 224 Pa. 18, 73 Atl. 172 (1909); *Burger v. S. R. Moss Cigar Company*, 225 Pa. 400, 74 Atl. 219 (1909); *Stoke & Co. v. McCullough*, 107 Pa. 39 (1884). The statute prescribes not only the method by which interested parties may defeat the assertion of a mechanic's lien, id., Act of June 4, 1901, P. L. 431, §§23, 24, 36, 49 P.S. §§133, 134, 157, but also who may do so. *Pagnacco v. Faber*, supra. In the case at bar, the method used by the owner-defendants to assert the waiver agreement, i.e., by way of affidavit of defense, is appropriate under the statute. *Burger v.*

---

1, 1964, and does not "apply to liens filed prior to said date except with respect to the practice and procedure prescribed by Article VII" of the 1963 Law. Claimant's lien was filed September 9, 1963, and, therefore, is not regulated by the 1963 Law, except insofar as Article VII of said Act is applicable. Article VII directs the Supreme Court to promulgate Rules of Civil Procedure to govern "practice and procedure to obtain judgment upon a claim filed." Pursuant to this directive Pa. R.C.P. 1651-1660 were promulgated. Neither Article VII nor the Rules became effective until January 1, 1964. But Article VII and the Rules are applicable to matters of practice and procedure arising on or after that date under liens asserted before January 1, 1964.

*S. R. Moss Cigar Company,* supra. While it is not clear whether the party who caused the exercise of the warrant of attorney had an interest in the property or proceedings sufficient under the statute to support its defending the assertion of the lien, see *Pagnacco v. Faber,* it is clear that the method used to defeat the lien, i.e., the exercise of an irrevocable warrant of attorney to mark the lien satisfied based upon a waiver agreement, is not permitted by the statute and, therefore, is forbidden.

We recognize that the practical purpose for effectuating the waiver by exercising a warrant of attorney to mark the claim satisfied, rather than asserting it as a mere defense, is to remove the effect of the lien while the validity of the waiver is being litigated. The statute, however, prescribes a different method for the realization of such purpose. Act of June 4, 1901, P. L. 431, §§25, 50, 49 P.S. §§135, 242.

Moreover, giving effect to an irrevocable warrant of attorney to mark a claim satisfied is tantamount to giving effect to an irrevocable warrant of attorney to confess judgment *against a plaintiff.* Such confessions of judgments were not permitted at common law and are not permitted by our confession of judgment statutes. *Commonwealth v. Central Railroad Company of New Jersey,* 358 Pa. 326, 58 A. 2d 173 (1948) ; Act of March 21, 1806, P. L. 558, §8, as amended, 12 P.S. §738; Act of February 24, 1806, P. L. 334, §28, as amended, 12 P.S. §739.

Order reversed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent. By a process of specious reasoning, the majority asserts that defenses to mechanic's lien claims can only be made in specific ways, that since the exercise of the warrant of attorney satisfied the claim in this case it must be a defense, and that because this

"defense" was not asserted according to the statutory method, it is without effect.  This I can not accept.

The majority fails to distinguish between a defense to a mechanic's lien claim and a contractually agreed upon method by which one party to a contract is able to protect himself from the violation of that contract by the other party.

We are not here concerned with a defense to a mechanic's lien claim.  What is involved in this case, purely and simply, is the exercise of an irrevocable power of attorney to mark satisfied any mechanic's lien claim which might be filed contrary to the contract and the recorded waiver.  This procedure was a matter of agreement between the parties.  There is no authority given by the majority which justifies striking down this contractual provision, thereby relieving one party from the agreed upon consequences of his violation of the waiver provision of the contract.

As the court below noted, "the owners here had a choice of ways of meeting this claim.  They could rely on their defense to the scire facias [by asserting the waiver agreement] or they could exercise the warrant, or as they did in this case, they could do both."

The majority action today imposes an arbitrary, unprecedented, and unnecessary restriction upon the rights of parties to freely contract with regard to the method and procedure by which they shall conduct their affairs.

Mr. Chief Justice BELL and Mr. Justice MUSMANNO join in this dissenting opinion.