## Keystone Concrete Co. v. Phoenix Plaza, Inc.

*Steven H. Berkowitz,* for claimant.
*Steven A. Arbittier* and *Melva L. Mueller,* for owner.

MARRONE, *J.,* May 20, 1977 — This action is before the court on the claim of Keystone Concrete Company for a mechanic's lien against owner, Phoenix Plaza, Inc. Phoenix Plaza has preliminarily objected to the lien claiming immunity based upon a waiver of lien clause in the contract between Keystone and Phoenix Plaza. We are of the opinion that those preliminary objections must be sustained.

As we noted in our opinion filed in the matter of John B. Kelly, Inc., of Pennsylvania v. Phoenix Plaza, Inc., 25 Chester 104 (1976), a preliminary objection is the proper procedural tool for raising a claim of waiver of liens and, upon preliminary objection raising the issue of waiver, a court may not look beyond the record before it. The instant matter presents the interesting question of whether a purported "waiver of a waiver of liens" which is attached to claimant's answer to owner's preliminary objections may properly be considered part of the record and, therefore, be considered by us in rendering our decision. We hold that it may not.

Certainly, the law of Pennsylvania is clear that a court may not venture outside the record in considering the propriety of a petition to strike off a mechanic's lien: Dunham-Bush v. Murray's 51 Lanes, 412 Pa. 424, 428, 194 A.2d 887 (1963). Most recently the question was debated by our Superior Court in the case of Mar Ray, Inc. v.

Schroeder, 242 Pa. Superior Ct. 14, 363 A.2d 1136 (1976). In Mar Ray, unlike the present situation, the mechanic's lien claim contained averments of a "second contract" which specifically excluded the possibility of immunity from mechanics' liens. Nevertheless, the lower court sustained preliminary objections of the owner because, apparently, it felt that to consider the "second contract" would be to consider evidence "outside the record." In reversing the lower court and allowing proof on the claim, the Superior Court ruled that claimant's assertion that his claim was filed pursuant to a second contract, which, unlike the first, did not contain a waiver of lien, was sufficient to withstand preliminary objections and allowed claimant there to offer its proof. Unlike Mar Ray, claimant in the instant matter made no mention of any purported waiver of a waiver of liens until his claim was challenged by preliminary objection. Then, claimant inserted in his answer to preliminary objections a purported new agreement between the parties which, claimant says, withdrew any immunity from the owner. However, this assertion of waiver of immunity may not properly be considered part of this record because it was not, when it could have been, made a part of Keystone's initial filing of claim. The preliminary objections of owner do not aver facts not appearing of record and, therefore, claimant's answer thereto, averring factual material, is an improper and unallowable pleading which we may not consider. See, Pa. R. C. P. 1017; 2 Anderson Pa. Civ. Prac. § 1017.39. Accordingly, we enter the following

## ORDER

And now, May 20, 1977, the preliminary objections of owner, Phoenix Plaza, Inc. are hereby sustained.