## Raymond S. Hess, Inc. v. Kutner

*Marc Robert Steinberg*, for plaintiff.
*Paul R. Rosen*, for defendant.
*Reeder R. Fox*, for additional defendant.

BECKERT, *P.J.*, July 11, 1978—This action was initiated by plaintiff filing a mechanic's lien claim against real property owned by defendants Jerry and Andra Kutner. Thereafter, the Kutners filed a complaint seeking to join Peter Simoncelli and Associates (Simoncelli) as additional defendant. Simoncelli, by way of preliminary objections, contends that such joinder would be violative of the procedural rules governing mechanic's lien actions and contrary to a written arbitration agreement entered into between Simoncelli and the Kutners.

Defendants' complaint against the Simoncelli firm alleges that the latter are architects who were hired by defendants to design and oversee the construction work at defendants' premises which gave

rise to this litigation, and that they approved improper and uncompleted work or failed to approve the work for which plaintiff claims a right to payment. Accordingly, defendants contend that Simoncelli stands liable to plaintiff on its claim against the Kutners.

Defendants argue that Pa.R.C.P. 2252(a) authorizes Simoncelli's joinder on the theory that they are ". . . alone liable or liable over to [defendants] on the cause of action declared upon by the plaintiff . . ." However, the principal rule applicable here is Pa.R.C.P. 1657, which provides expressly that in an action upon a mechanic's lien: "No other cause of action may be joined with an action to obtain judgment on a claim except that where the improvement is located in more than one county and claims have been filed in more than one of said counties the plaintiff may join the claims in a single action."

We have not found, and the parties have not referred us to, any court decision construing Rule 1657 in a situation analogous to this one. However, the test under this rule seems to be essentially the same as that under Rule 2252—are the claims of plaintiff and defendant (against additional defendant) predicated upon the same cause of action? In answering that question we are guided by several cases which appear applicable even though they do not involve mechanic's lien claims: Josal, Inc. v. Rolling Park Homes, Inc., 195 Pa. Superior Ct. 646, 171 A. 2d 830 (1961), held that Rule 2252 authorized joinder of an additional defendant only if plaintiff could have sued additional defendant *directly* for the same injury for which he has sued original defendant. That case further points out that normally there is no liability over based upon a contract between the original and additional de-

fendants to which plaintiff was not a party. Similarly, joinder by defendant contractor of an architect and subcontractor who were not parties to the construction contract between plaintiff and defendant was disallowed, since it was not based on the same cause of action, in Brandywine Area Joint School Authority v. VanCor, Inc., 426 Pa. 448, 233 A. 2d 240 (1967).

The type of situation where joinder may be allowed is typified by Kladias & Son v. Sonneborn Building Products, Inc., 2 D. & C. 3d 310 (1975), which was an assumpsit action, for breach of warranty, brought by a company which had contracted to paint the exterior of a building against the paint manufacturer, who in turn joined: (1) the owner of the building (for negligence in preparing plans to be followed); (2) the general contractor (for faulty work in applying a sealer and undercoat); (3) the manufacturer of the sealer; and (4) the architects (who allegedly improperly planned and supervised the use of the sealer and the first type of paint applied). The key factor in distinguishing that case from the instant one is that there defendant's complaint against additional defendants alleged that it was *their* actions, and not defendant's, which caused the damages complained of. Here, however, plaintiff seeks moneys as payment for work allegedly completed. It is impossible to substitute the architectural firm for the landowners, since plaintiff would have no right of action directly against the former for moneys due and owing. The fact that the architect may be a valuable and necessary witness to establish defendant's defense to plaintiff's claim does not justify joinder of the architect as a party, and our disallowance of that joinder now does not in any way preclude defendants from pur-

suing in a separate action whatever contractual rights they wish to assert.

A mechanic's lien is strictly statutory, to obtain in rem rights in the nature of collateral security for the payment of a debt owed for work done or materials supplied. It is essentially intended as a means for collection of the debt and is not designed to afford a sole means for determining whether the debt is a valid obligation or whether damages may otherwise lie for breach of contract: Halowich v. Amminiti, 190 Pa. Superior Ct. 314, 154 A. 2d 406 (1959). The Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. §1101 et seq., must be strictly complied with in establishing and enforcing the right to a lien: McCarthy v. Reese, 419 Pa. 489, 215 A. 2d 257 (1965). We believe, in view of the express, limited purpose of the act, that any question of interpretation of the applicable rules of procedure should likewise be resolved in favor of a strict, narrow construction, so as to insure against mechanic's lien proceedings becoming unduly complicated and broadened beyond the degree intended by the legislature.

Accordingly, we view defendnts' complaint against additional defendant as an attempt to interpose a new and different cause of action, contrary to the direction of Rule 1657. In view of this determination there is no need for us to speak to the alternative argument raised by additional defendant's preliminary objections.

## ORDER

And now, July 11, 1978, the preliminary objections of additional defendant Peter Simoncelli and Associates are hereby sustained and the com-

plaint brought against said additional defendant by original defendants Jerry S. Kutner and Andra Kutner is hereby dismissed.